WALTZER, Judge.
This is an appeal from a Summary Judgment granted by the Honorable Bernette Johnson on behalf of Solomon & Filipow-ski, Inc. in which the Court awarded plaintiffs the sum of $24,800.00 on the principal demand and attorney’s fees in the amount of twenty-five per cent (25%) or $6,200.00. From this decision defendant Boes Iron Works, Inc. appeals.

THE PLEADINGS

On November 9, 1990, Solomon & Fili-powski, Inc., a Virginia company, filed suit against Boes Iron Works, Inc., a Louisiana company, seeking damages, attorneys’s fees, court costs and interest for an alleged breach of contract with plaintiff. Plaintiff also sued for defendant’s wrongful conversion of the proceeds of contracts assigned by defendant to secure the principal indebtedness in a written contract entitled, “Partial Notarial Assignment of Contract Proceeds.” Boes Iron Works, Inc. answered the lawsuit in the form of a general denial, asserting affirmative defenses, which answer was subsequently amended in March, 1992 to allege further defenses. Plaintiff twice filed for Summary Judgment. On the second hearing summary judgment was granted by the district court and defendant appealed.

BACKGROUND FACTS

In July, 1990, Boes Iron Works, Inc. contracted with the U.S. Navy (Contract Num *883 ber 900189-88-C-0449) to build certain wooden barges called “camels”. Upon receiving the camels, the Navy found them unacceptable without modification of the decking which did not comply with its specifications. Boes contracted with Solomon & Filipowski to correct the deficiencies for an agreed price of $12,400.00, an amount which was prepaid by Boes. Subsequently, according to plaintiff, the initial work in question was “successfully completed,” but additional remedial work was required before the Navy would accept the “camels”. The defendant contends that the modifications to the “camels” required by the Navy were “not specified nor required by the original plans and specs” and in effect amounted to a separate and additional contract for which defendant claims additional compensation. The cost of the additional remedial work was $24,800.00.
By an agreement dated August 8, 1990, Boes contracted for Solomon & Filipowski to complete the additional remedial work on the “camels”. Payment of the additional sum was secured by a written document entitled “Partial Notarial Assignment of Contract Proceeds,” an agreement under which payment was to be made to plaintiff by the assignment of the proceeds of two certain contracts between Boes and the Navy. The contract states that the proceeds would be received in the form of “joint payment items made payable to Solomon & Filipowski, Inc. and Boes Iron Works”, and refers to Solomon & Filipow-ski, Inc. as “joint payees on any mode of payment.” The contract also speaks of Solomon & Filipowski’s right to claim against what may be due them “at the time payment is issued under the attached contracts.” The contracts referred to are Boes contracts with the Navy bearing the numbers N00-189-88-C-0449 and N00-189-89-C-0089.
Although the work by Solomon & Fili-powski was completed and, according to an affidavit filed with the court by Jim Hud-gens, the senior contracting officer at the Naval Supply Center in Norfolk, Virginia, was accepted by the Navy, Boes admits that it has never paid plaintiff for the additional remedial work. Mr. Hudgens’s affidavit states that the full sum stipulated under Contract No. N00189-88-C-0449 was paid to Boes, but Boes claims that it has never received payment from the Navy for the additional work. An additional sum is due to Boes because, the Company asserts, the subsequent remedial work was not part of the original specs and contract with the Navy.

THE DEFENDANT’S CLAIMS

The refusal to pay plaintiff is explained by defendant’s Answer as follows: the work has not been officially accepted by the Navy; the Navy has rescinded their approval of the work, and the Navy might request return of the funds. In its Supplemental and Amended Answer to the Petition, filed on May 11, 1992, defendant states that the money sought by plaintiff was for additional work for which Boes has not been paid, and also that the work for which plaintiff claimed payment “was necessitated by faulty work on behalf of plaintiff.” Defendant further contends that Solomon & Filipowski was involved with Boes in contracting with the Navy and is therefore a co-contractor for the additional work. The assertion that plaintiff was involved with Boes in contracting for the additional work is attested to in an affidavit by Roger T. Boes notarized in January, 1992.
Defendant lists the material issues of fact still to be determined as follows: who contracted with the Navy for the additional work; whether the additional work was part of the original contract with the Navy or was a separate contract, and whether the alleged agreement of August 8, 1990 between the parties was a completed contract since it was acted upon but not signed by plaintiff. Defendant’s opposition to plaintiff’s initial Motion for Summary Judgment points out that Boes’s version of the facts is significantly different from that of Solomon, and argues that parole evidence at trial is necessary to resolve the questions of fact. Plaintiff’s first Motion for Summary Judgment was denied by the district court.

*884
SECOND MOTION FOR SUMMARY JUDGMENT

Plaintiffs Motion to Reconsider Motion for Summary Judgment filed in April, 1992 argues that a 1987 Louisiana Supreme Court case interpreting the “paid when paid” concept in construction contracts is applicable in the instant case. In Southern States Masonry, Inc. v. J.A. Jones Construction Company, 507 So.2d 198 (La.1987) the Louisiana Supreme Court held that subcontractors who had a direct contractual relationship with the general contractor could expect payment from the general contractor within a reasonable term after completion of the work, whether or not the contractor had been paid by the owner of the project. The Supreme Court held that “paid when paid” clauses in construction contracts are terms for payment rather than suspensive conditions and can not be interpreted to mean that payment to subcontractors is dependent upon the general contractor being paid. In his motion, the plaintiff asserted that Southern States was “closely analogous and controlling” in the instant case. The District Court granted the Second Motion for Summary Judgment.
Southern States has been distinguished. See: C. Bel For Awnings, Inc. v. Blaine Hays Construction Company, 532 So.2d 830 (La.App. 4 Cir. 1988). In this case our court held that the decision in Southern States applied when payment obligations were expressed in mandatory terms and when there were no other agreements or manifestation of the parties's intent but, in the instant case, a “paid when paid” clause in a subcontract was held to be a suspen-sive condition because other language in the contract modified the agreement. This decision indicates that the language in which the contract is written is the determinative factor in interpreting whether “paid when paid” contracts act as suspensive conditions or merely as terms for payment.

CONCLUSION

In the contract between Solomon and Boes, not only the language of the contract, but the intent of the parties, is subject to interpretation. The contract refers to the parties as “joint payees” and speaks of “joint payment items,” terms which require clarification before the intent of the parties can be determined. In addition, defendant’s affidavit testifies to the belief by Boes that Solomon & Filipowski were involved in the negotiations with the Navy that resulted in the work performed by plaintiff. Solomon contends that Boes received payment for this additional work; Boes contends that it did not. Boes also argues that the remedial work was the result of the faulty manner in which Solomon removed and replaced the decking in the initial work for which they were paid in full by Boes. All of these matters'present issues of material fact which ought to be clarified and resolved by trial of the matter. “Summary judgments are not favored, any reasonable doubt should be resolved against the mover and in favor of a full trial on the merits.” Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4 Cir.1991).
For the reasons discussed, the judgment is reversed.

REVERSED.